838 F.2d 468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Vernon Lee SMITH, Defendant-Appellant.
 No. 87-5561.
 United States Court of Appeals, Fourth Circuit.
 Argued: Dec. 4, 1987.
Decided: Jan. 15, 1988.
 
 Edwin Chrisco Walker, Assistant Federal Public Defender (William E. Martin, Federal Public Defender, on brief), for appellant.
 Joel M. Gershowitz, Department of Justice; (J. Douglas McCullough, Interim United States Attorney, on brief), for appellee.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 Vernon Lee Smith raises numerous challenges to his conviction and sentence pursuant to 18 U.S.C. app. Sec. 1202 (a). We find no merit in his assignments of error and affirm the district court's judgment.
 
 
 2
 * A federal grand jury indicted Smith for federal firearms violations. Count six of the indictment charged that on or about February 11, 1986, Smith knowingly and willfully received, possessed, or transported a Winchester 16-gauge shotgun in violation of 18 U.S.C. app. Sec. 1202(a) (1984). At that time,[1] section 1202(a) provided as follows:
 
 
 3
 In the case of a person who receives, possesses, or transports in commerce or affecting commerce any firearm and who has three previous convictions by any court ... for robbery or burglary, or both, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years, and, notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under this subsection, and such person shall not be eligible for parole with respect to the sentence imposed under this subsection.
 
 
 4
 Under section 1202(c)(9), "burglary" includes any felony consisting of "entering or remaining surreptitiously within a building that is property of another with intent to engage in conduct constituting a Federal or State offense." To establish the three previous burglary convictions required by section 1202(a), the government introduced into evidence two North Carolina judgment orders. One showed that on August 12, 1981, Smith had been convicted of one count of breaking or entering and one count of larceny. The other order showed that on March 29, 1983, Smith had been convicted of nine counts of breaking or entering, two counts of breaking or entering a motor vehicle, and eleven counts of larceny. The government also introduced into evidence the underlying state indictments, which charged Smith with "breaking and entering" as well as larceny committed after breaking and entering. Smith had plead guilty to these charges.
 
 
 5
 After beginning deliberations, the jury requested instructions on the question whether a felony breaking or entering under North Carolina law constituted a felony burglary under section 1202. The district court instructed the jury that they would have to find that Smith had pleaded guilty to "entering" in order to find that he had committed a felony burglary. Over the objection of Smith's attorney, the court instructed the jury that they could consider the charges in the state indictments in deciding whether Smith had pleaded guilty to "entering." The jury subsequently returned a verdict of guilty. The court sentenced Smith to the minimum 15-year sentence required by section 1202(a).
 
 II
 
 6
 We address in turn each of Smith's five assignments of error.
 
 
 7
 First, Smith argues that because N.C.Gen.Stat. Sec. 14-54(a) makes it illegal either to break or enter a building with intent to commit larceny or other felony, his guilty plea to that crime did not establish that he actually entered any building. Smith contends that the government's evidence was therefore insufficient to prove the presence of three previous burglary convictions.
 
 
 8
 Smith's argument does not withstand analysis. The underlying state indictments charged Smith with breaking and entering. Smith's guilty pleas to the indictments constituted relevant evidence that he had entered the buildings in question. Moreover, the indictments also charged Smith with larceny for removing property from those buildings. Smith's guilty pleas to the larceny charges also constituted relevant evidence that he had entered those buildings. A rational trier of fact viewing this evidence could have concluded that Smith had committed three previous burglaries. Jackson v. Virginia, 443 U.S. 301, 319 (1979).
 
 
 9
 Second, Smith contends that the district court erred in admitting into evidence the state indictments because their prejudicial effect outweighed their probative value.
 
 
 10
 As discussed above, Smith's guilty pleas to the charges contained in those indictments constituted probative evidence that Smith had committed an entering. The indictments simply clarified the judgments. The district court properly admitted the indictments into evidence. Federal Rules of Evidence 401-403.
 
 
 11
 Third, Smith argues that the district court should have instructed the jury that the state indictments were based only upon probable cause.
 
 
 12
 Because Smith neither requested this instruction nor objected to its omission, our review is confined to the plain error standard of Federal Rule of Criminal Procedure 52(b). United States v. McCaskill, 676 F.2d 995, 1001 (4th Cir.1982). The district court instructed the jury that the indictment is only a formal charging instrument and not evidence of guilt. The court also instructed the jury that they should consider the state indictments only to interpret the state judgments and that the government had the burden of proving beyond a reasonable doubt that Smith had been convicted of entering. In light of these instructions, we cannot say that the district court's failure to give the instructions Smith now requests "had a probable impact on the jury's finding that the defendant was guilty." McCaskill, 676 F.2d at 1002.
 
 
 13
 Fourth, Smith claims that the district court should have redacted from the state judgments all references to his convictions on 11 counts of larceny and 2 counts of breaking or entering a motor vehicle.
 
 
 14
 Smith never requested the court to redact the larceny references. Nor does the district court's failure to redact the references to the motor vehicle convictions require us to grant Smith a new trial. During the trial, the jury was instructed to disregard evidence concerning the motor vehicle offenses. In light of Smith's 18 other convictions properly before the jury,[2] we conclude that there was no reasonable possibility that the verdict was influenced by the failure to redact the references to the motor vehicle convictions. United States v. Barnes, 747 F.2d 246, 250 (4th Cir.1984).
 
 
 15
 Finally, Smith challenges the constitutionality of section 1202(a) under the due process clause of the fifth amendment and the cruel and unusual punishments clause of the eighth amendment. Smith contends that the mandatory 15-year sentence provided by the statute is an irrational and arbitrary exercise of Congress's authority.
 
 
 16
 Congress enacted section 1202 for the purpose of incapacitating "career criminals," who Congress found were responsible for a substantial proportion of crimes involving theft and violence. See United States v. Hawkins, 811 F.2d 210, 216-17 (3d Cir.1987) (upholding constitutionality of section 1202 against equal protection challenge). Like the court in Hawkins, we are unwilling to say that Congress's decision to punish firearm possession by career criminals is an irrational means of furthering congressional objectives. We conclude that section 1202 does not violate the fifth amendment.
 
 
 17
 We also reject Smith's contention that his sentence was disproportionate in violation of the eighth amendment. In Rummel v. Estelle, 445 U.S. 263 (1980), the Supreme Court upheld a sentence of life imprisonment upon conviction for a third nonviolent felony. In Hutto v. Davis, 454 U.S. 370 (1982), the Court upheld a 40-year sentence for the possession and distribution of 9 ounces of marijuana. In light of these cases and Congress's expressed intent to respond to the threat posed by career criminals who carry firearms, we conclude that the 15-year sentence imposed on Smith without possibility of parole is not cruel and unusual punishment in violation of the eighth amendment.
 
 
 18
 AFFIRMED.
 
 
 
 [1]
 Section 1202 was repealed effective November 15, 1986. Pub.L. No. 99-308, Sec. 104(b), 100 Stat. 459. Congress transferred the provisions of section 1202(a) to 18 U.S.C. Sec. 924(e)(1), which forbids firearms receipt, transportation, or possession by persons previously convicted of three violent felonies (including burglary) or serious drug offenses. The penalties provided by section 924(e)(1) are identical to those formerly provided in section 1202(a)
 
 
 [2]
 Two of the larceny counts were related to the motor vehicle charges. References to the nine counts of breaking or entering and nine counts of larceny were properly before the jury